46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alven SPITZER, Plaintiff-Appellant,
v.
CALIFORNIA DEPT. OF CORRECTIONS, et al., Defendants-Appellees.
 No. 94-15608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alven Spitzer, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant J.W. Keller, a prison medical assistant, in Spitzer's 42 U.S.C. action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Spitzer also appeals the district court's denial of his Fed.R.Civ.P. 59(e) motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 We review the district court's summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin, 974 F.2d at 1059. To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 5
 Spitzer contends the district court erred by ruling that Keller was not deliberately indifferent to Spitzer's serious medical needs. This contention lacks merit.
 
 
 6
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). A difference of opinion about treatment does not amount to deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Moreover, a mere delay in medical treatment, without resulting harm, is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985).
 
 
 7
 Spitzer alleged that Keller exhibited deliberate indifference to his serious medical needs by delaying his medical treatment for 38 hours after Spitzer examined him following a fall in his cell at the California State Prison at Solano. The record, however, shows that Keller neither purposely ignored nor failed to respond to Spitzer's medical needs. See McGuckin, 974 F.2d at 1060. Keller, a licensed vocational nurse, examined Spitzer on the evening of Saturday, April 20, 1991, soon after Spitzer's cell mate requested that he be examined. Keller examined the mobility of Spitzer's arms and shoulders, the circulation in his arms, his vision and level of consciousness. He observed no swelling or bruising. Spitzer, however, had fractured his right clavicle in the fall. After Keller confirmed that Spitzer had adequate analgesic in his possession, he scheduled Spitzer to be seen by a prison clinic doctor on a priority basis on Monday morning. Spitzer was seen be a doctor and received treatment at that time.
 
 
 8
 Spitzer failed to proffer evidence which showed that the delay in his examination and treatment by a doctor aggravated his injury or otherwise caused him further harm. His clavicle fracture healed normally without any complications or adverse effects. Moreover, Keller did not idly sit by and ignore Spitzer's pain, but checked to see that he had sufficient analgesic to take while he awaited his doctor's appointment. Cf. McGuckin, 974 F.2d at 1061.
 
 
 9
 Spitzer also failed to demonstrate that Keller was deliberately indifferent to his serious medical needs by failing to order that food be brought to his cell during the 38-hour period. Spitzer was not deprived of food. He could have eaten at the prison cafeteria during this period and there was no evidence in the record showing that his condition prevented him from going to the cafeteria for regularly scheduled meals. Indeed, Spitzer's examining doctor, whose treatment Spitzer does not question, never ordered delivery of food to Spitzer's cell.
 
 
 10
 In short, Spitzer's belief that he should have been immediately examined by a doctor and that x-rays should have been taken the night of his fall amounts to a difference of opinion with Keller as to the necessity for immediate treatment and as such does not give rise to a Sec. 1983 claim for deliberate indifference. See Sanchez, 891 F.2d at 242.
 
 
 11
 Accordingly, the district court did not err by granting summary judgment for Keller.
 
 II
 Rule 59(e) Motion
 
 12
 Spitzer argues that the district court erred by denying his rule 59(e) motion. He makes the same contention made in that motion--that the district court erred by dismissing, or in the alternative, granting summary judgment for defendants California Department of Corrections and Eddie Ylst, the warden of Spitzer's prison. This contention lacks merit.
 
 
 13
 We construe the district court's final ruling in favor of defendants California Department of Corrections and Ylst prior to service of process as a dismissal for frivolousness pursuant to 28 U.S.C. Sec. 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A frivolous claim is one which lacks an arguable basis in either law or fact. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).
 
 
 14
 A state's Eleventh Amendment immunity bars suits against the state and state agencies for equitable relief as well as for damages absent their consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Because the California Department of Corrections is a California state agency, it was immune from Spitzer's suit and properly dismissed.
 
 
 15
 The district court also properly dismissed Warden Ylst because there was no arguable basis in law for his claim against Ylst. See Denton, 112 S.Ct. at 1734. Spitzer's deliberate indifference claim against Ylst was based on Keller's conduct which we have already decided did not amount to deliberate indifference.
 
 
 16
 Because the arguments raised in Spitzer's rule 59(e) motion lacked merit, the district court did not abuse its discretion by denying the motion. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3